IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GARLAND D. BUTLER                                                                              PETITIONER

VS.                                   Case No. 2:19-cv-02138-PKH-MEF

DEXTER PAYNE, Director,
Arkansas Division of Correction[1]                                                        RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed on November 8, 2019 by Petitioner, Garland D. Butler ("Butler"). (ECF No. 1). A response was filed on January 2, 2020. (ECF No. 13). The matter is ready for Report and Recommendation.

**I. Background**

Butler was charged in the Circuit Court of Sebastian County, Arkansas with two counts of Possession of Drug Paraphernalia, in violation of A.C.A. § 5-64-443(b), Class B felonies, and two counts of Possession of Drug Paraphernalia, in violation of A.C.A. § 5-64-443(a)(2), Class D felonies, and with being a Habitual Offender, in violation of A.C.A. § 5-4-501(b)(1), arising from events that occurred on May 20, 2018. (ECF No. 13-5, p. 5). Following a jury trial on April 19, 2019, the jury found Butler guilty of three of the four counts of possession of drug paraphernalia[2], and the court sentenced Butler to 300 months in the Arkansas Department of Corrections on the

---

[1] Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 against the Arkansas Court of Appeals and Gordon Lay, Warden of the Randall L. Williams Corrections Unit. As noted in the Response to Petition for Writ of Habeas Corpus, the Arkansas Court of Appeals does not have custody of Petitioner and is dismissed as a party respondent. Dexter Payne, as Director of the Division of Correction, Arkansas Department of Corrections, is the official having custody of the Petitioner and is hereby substituted as the proper party respondent.
[2] Butler was found not guilty of Count Four, Possession of Drug Paraphernalia, in violation of A.C.A. § 5-64-443(a)(2), a Class D felony. (ECF No. 13-5, pp. 68-71, 229).

1

two Class B felony convictions, to 120 months in the Arkansas Department of Corrections on the Class D felony conviction, with the sentences to run concurrently[3].

Butler appealed his convictions to the Arkansas Court of Appeals. He did not challenge the sufficiency of the evidence but, instead, argued that the trial court erred in denying his motion for a mistrial based on remarks made by the prosecuting attorney during her rebuttal argument. (ECF No. 13-3). Finding that defense counsel failed to move for a mistrial at the first opportunity and, thus, had not preserved his argument for mistrial for appellate review, the Arkansas Court of Appeals affirmed Butler's conviction in an opinion delivered on November 13, 2019. *Butler v. State of Arkansas*, 2019 Ark. App. 541, 589 S.W.3d 416 (2019); ECF No. 13-3. The Court of Appeals also ruled that even if Butler had preserved his argument for appeal, the Circuit Court had not abused its discretion in denying the motion, finding that "the prosecutor's statement that [Butler] was a 'criminal' is both reflecting and inferable from the testimony and did not constitute error that warranted a mistrial." *Id*. Additionally, the Court of Appeals found no evidence that Butler was prejudiced by the prosecutor's remarks since the jury acquitted him of one of the charges and sentenced him to a prison term well below the maximum sentence he could have received as a habitual offender. *Id*.

Butler did not seek review by the Arkansas Supreme Court, nor did he file a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure in the trial court, and the time to do so has passed.

Butler filed the instant Petition under § 2254 on November 8, 2019. (ECF No. 1). He alleges five grounds for relief: (1) prosecutorial misconduct stemming from a statement in closing

---

3 The court also imposed fines totaling $15,000.00. (ECF No. 13-5, pp. 82-84, 268).

2

argument; (2) error in the denial of his motion for a mistrial due to the alleged prosecutorial misconduct; (3) lack of probable cause to stop his vehicle and search it; (4) insufficient evidence of constructive possession; and, (5) violations of the Arkansas Constitution. (ECF No. 1, p. 6).

## II. Discussion

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be entertained only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Before seeking federal habeas review, a state prisoner must exhaust available state remedies, giving the state the opportunity to correct alleged violations of prisoners' federal rights, "which means he must 'fairly present' his claim in each appropriate state court to alert that court to the claim's federal nature." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. §§ 2254(b) and (c) (requiring state prisoner seeking federal habeas relief to exhaust all remedies available in the state courts). When a habeas petitioner fails to raise his federal claims in state court, he deprives the state of "an opportunity to address those claims in the first instance" and frustrates the state's ability to honor his constitutional rights. *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). Therefore, when a habeas petitioner defaults his federal claims by failing to raise them in state court in compliance with the relevant state procedural rules, federal habeas review is barred unless the petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or alternatively, demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice. *Id.*; *Coleman*, 501 U.S. at 750.

3

A thorough review of Butler's petition and the record in this case conclusively shows that Butler's first two claims present the same issues that were addressed by the Arkansas Court of Appeals and found to be procedurally defaulted, so those claims cannot be considered in this federal habeas proceeding. Regarding his third claim, Butler had a full and fair opportunity to litigate his Fourth Amendment claim in state court, and he is barred from doing so in this proceeding. Butler's fourth claim concerning the sufficiency of evidence to support constructive possession was never presented to any state appellate court and is also barred from federal habeas review. Finally, Butler's claims of various violations of the Arkansas Constitution present issues of state law and are not cognizable in this action; and, since he failed to bring those issues before any Arkansas appellate court for review, they are also procedurally defaulted. The denial and dismissal of Butler's petition in its entirety with prejudice without an evidentiary hearing is recommended.

### A. Prosecutorial Misconduct and Denial of Mistrial Claims

For his first two grounds for relief, Butler alleges (1) prosecutorial misconduct arising from a derogatory and inflammatory statement made by the prosecutor during closing argument, and (2) that the Circuit Court erred in denying his motion for a mistrial. (ECF No. 1, p. 6). These claims have been procedurally defaulted and are barred from consideration by this Court.

During rebuttal argument at the close of Butler's jury trial, the prosecuting attorney stated:

> "The evidence is clear in this case. And at this point, it's not relevant and you're not to consider why the defendant did what he did, or you know, if it makes sense that he would speed away over, you know, whatever reason. *We're not alleging that he behaves like a law-abiding citizen, you know. He is a criminal. He behaves like a criminal. He committed these crimes. And we have proven it.* This is really a Norman Rockwell painting, this case is so simple, and the defense is trying to make it seem like a Picasso or a Salvador Dali, which it isn't.
>
> So we ask you to go back there and be the conscience of the

>community, use you common sense and do what you promised to do, evaluate the evidence, follow the law, and do the right thing for Sebastian County. Thanks." (ECF No. 13-5, p. 224-25) (Emphasis added).

The highlighted language is the portion Butler found derogatory and inflammatory, but no objection was made at the time. Instead, following the conclusion of the prosecution's rebuttal argument defense counsel asked to approach the bench and moved for a mistrial on the basis that the State implied Butler had prior convictions by referring to him as a "criminal." (ECF No. 13-5, p. 225, 226-27). The court then dismissed the jurors and heard argument from counsel on the motion for mistrial. (*Id.*). The court found the prosecutor's comment to be derogatory and prejudicial, but not to a level requiring a mistrial, and it concluded that a cautionary instruction would "bring something to their attention more than they've already probably thought about it," so a cautionary instruction was not given and the motion for mistrial denied. (*Id.*, p. 228).

On direct appeal, Butler argued that the court erred in denying his motion for mistrial. (ECF No. 13-1). Noting that a motion for mistrial based on an improper closing argument must be made at the time the objectionable statement is made, rather than waiting until the end of the State's argument, the Arkansas Court of Appeals found Butler's motion for mistrial untimely and his argument not preserved for appellate review. (ECF No. 13-3, pp. 3-4). Further, the Court of Appeals commented that even if Butler had properly preserved his argument, the trial court did not abuse its broad discretion in denying the motion. Stating that "[w]here an attorney's comment during closing arguments is directly reflecting or inferable from testimony at trial, there is no error," and that the prosecutor's comment that Butler was a "criminal" was both reflecting and inferable from the testimony, the Court of Appeals concluded there was no error that warranted a mistrial. (*Id.*, p. 5). Moreover, the Court of Appeals pointed out the lack of evidence that Butler was prejudiced from the prosecutor's statement since the jury acquitted him of one of the charges

5

and recommended a prison term well below the maximum sentence he could have received as a habitual offender. (*Id*.).

Although the Arkansas Court of Appeals stated an alternative ruling on the merits, its decision was clearly based on state procedural grounds, so it is barred from federal habeas review. *See Taylor v. Norris*, 401 F.3d 883, 886 (8th Cir. 2005) (when state court procedurally defaults claim, it cannot be considered for federal habeas).

Butler's first two grounds for relief are subject to dismissal.

### B. Fourth Amendment Claim

For his third ground for relief, Butler argues a lack of probable cause for the vehicle stop and search. (ECF No. 1, p. 6). He claims the arresting officer's probable cause was "ambiguous and there was no proper or legal search [and] seizure." (*Id*.). He also complains that the officer's recording equipment was faulty so the alleged consent to search was not recorded, and he asserts that the officer perjured himself while testifying as to probable cause for the stop. (*Id*.).

On April 15, 2019, four days prior to trial, Butler filed a Motion to Suppress Evidence. (ECF No. 13-5, pp. 46-47). In it, he disputed that he gave consent to search the vehicle, or alternatively, he argued that any consent given was not freely and voluntarily given; he also argued that law enforcement did not have reasonable suspicion to search the vehicle after the traffic stop. (*Id*.). Citing Rule 16.2(b) of the Arkansas Rules of Criminal Procedure, the State responded that Butler's motion to suppress was untimely in that it was not filed at least 10 days prior to trial. (*Id*., pp. 48-50). The State further argued that probable cause existed for the traffic stop, and that once the stop was made Butler gave consent for the search of the vehicle. (*Id*.). The record does not show that the Circuit Court ever ruled on the motion to suppress, nor does it show that defense counsel sought a ruling on the motion prior to the beginning of trial.

6

At trial, the arresting officer testified that the vehicle was parked facing the wrong way on the street. (*Id*., p. 130). After passing the vehicle and circling around the block to come back, the vehicle had already pulled away, then made the first available right turn and "shot down an alleyway at a very high rate of speed." (*Id*., p. 131). As the vehicle came out of the alleyway, the officer turned on his lights and siren and two blocks later the vehicle pulled over. (*Id*.). The officer initiated a check for outstanding warrants on Butler and the other occupants of the vehicle, and while dispatch was running the warrants check the officer asked Butler for permission to search the vehicle. Butler consented to the search. (*Id*., pp. 131-32). During the consent search, a backpack containing two digital scales was found in the back seat, along with a meth pipe on the rear floorboard, and another meth pipe in the driver's side door pouch. All the items had meth residue on them. (*Id*., p. 132). After placing Butler under arrest, Butler told the officer the backpack was his. (*Id*., p. 133). Initially, Butler told the officer the meth pipes were not his (*Id*., p. 134); however, after arriving at the jail Butler approached the officer and told him that "everything in that car belongs to me." (*Id*., p. 135).

A Fourth Amendment claim is not cognizable on federal habeas review unless the state fails to provide "an opportunity for full and fair litigation of [the] claim." *Stone v. Powell*, 428 U.S. 465, 494 (1976). "Thus, we will review a Fourth Amendment claim raised in a habeas petition only if either 'the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system.'" *Palmer v. Clarke*, 408 F.3d 423, 437 (8th Cir. 2005) (quoting *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994) (en banc)).

Arkansas provides a procedure by which Butler could raise his Fourth Amendment claim. Arkansas Rule of Criminal Procedure 16.2(a)(1) (2018) specifically provides that motions to

suppress allegedly illegally seized evidence may be based upon a claim that evidence consists of tangible property obtained by means of an unlawful search and seizure. Butler's counsel cited that rule in support of his Motion to Suppress Evidence filed in state court. (ECF No. 13-5, pp. 46-47). Thus, the first prong of the *Willett* test affords Butler no basis to raise his Fourth Amendment claim in this federal habeas proceeding.

As for the second prong of the *Willett* test, Butler has neither alleged nor shown that "an unconscionable breakdown in the system" prevented him from raising his Fourth Amendment claim in state court. As noted, defense counsel raised Butler's Fourth Amendment claim, albeit in an untimely manner. "The federal courts on habeas review of such claims are not to consider whether full and fair litigation of the claims *in fact* occurred in the state courts, but only whether the state provided an opportunity for such litigation." *Willett*, 37 F.3d at 1273 (emphasis in original).

Here, the State of Arkansas afforded Butler a full and fair opportunity to litigate his Fourth Amendment claim and it is not cognizable in this federal habeas action. Butler's third ground for relief is subject to dismissal.

### C. Sufficiency of the Evidence Claim

Next, Butler challenges the sufficiency of the evidence proving he was in constructive possession of the drug paraphernalia. (ECF No. 1, p. 6).

As previously noted, before seeking federal habeas review a state prisoner must exhaust available state remedies, giving the state the opportunity to correct alleged violations of prisoners' federal rights, "which means he must 'fairly present' his claim in each appropriate state court to alert that court to the claim's federal nature." *Baldwin*, 541 U.S. at 29; 28 U.S.C. §§ 2254(b) and (c) (requiring state prisoner seeking federal habeas relief to exhaust all remedies available in the

state courts). When a habeas petitioner fails to raise his federal claims in state court, he deprives the state of "an opportunity to address those claims in the first instance" and frustrates the state's ability to honor his constitutional rights. *Cone*, 556 U.S. at 465 (quoting *Coleman*, 501 U.S. at 732). When a habeas petitioner defaults his federal claims by failing to raise them in state court in compliance with the relevant state procedural rules, federal habeas review is barred unless the petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or alternatively, demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice. *Id.*; *Coleman*, 501 U.S. at 750.

Butler did not challenge the sufficiency of the evidence to support his conviction on direct appeal. His only point on appeal concerned the trial court's denial of his motion for mistrial. (ECF No. 13-1). Butler has, therefore, procedurally defaulted his sufficiency of the evidence claim, and federal habeas review is barred unless he can show cause and prejudice or a fundamental miscarriage of justice. Butler has neither alleged nor shown any cause and prejudice to excuse his procedural default, nor has he alleged or shown that failure to consider his claim will result in a fundamental miscarriage of justice.

Butler's fourth ground for relief is procedurally defaulted and barred from federal habeas review.

### D. Violations of the Arkansas Constitution

Butler's fifth and final ground for relief is his assertion of various violations of the Arkansas Constitution. (ECF No. 1, p. 6). It fails for the reasons discussed below.

A federal court may issue a writ of habeas corpus only when a prisoner's conviction violates the Constitution, laws or treaties of the United States. 28 U.S.C. §§ 2241, 2254. "[F]ederal habeas corpus relief does not lie for errors of state law," and "it is not the province of a federal

habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (internal citations omitted).

Further, Butler did not bring any of these alleged violations of the Arkansas Constitution to the attention of the Arkansas state courts, so even assuming, arguendo, that they stated claims cognizable for federal habeas review, he has procedurally defaulted them.

Additionally, Butler merely cites four sections of the Arkansas Constitution he believes have been violated, but he offers no explanation of how those sections have been violated in his case. Vague and conclusory allegations that are unsupported by the facts do not provide a basis for either an evidentiary hearing or postconviction relief. *See Hayes v. State*, 280 Ark. 509, 509-C, 660 S.W.2d 648, 651 (1983) (mere conclusory allegation, without factual support, that rule of criminal procedure was violated was insufficient to support Rule 37 claim); *Greene v. State*, 356 Ark. 59, 66-67, 146 S.W.3d 871, 877 (2004) (conclusory allegations that are unsupported by the facts do not provide a basis for either an evidentiary hearing or postconviction relief).

Butler's fifth ground for relief is subject to dismissal.

### III. Conclusion

For the reasons and upon the authorities discussed above, Butler's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) should be **DISMISSED WITH PREJUDICE**. Further, since Butler has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be denied. 28 U.S.C. § 2253(c)(2); Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of March 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE